IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARSHALL COIS KNOP, | ) | |
| AIS #154140, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:16-CV-668-WKW |
| | ) | (WO) |
| CHRISTOPHER GORDY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

### I.  INTRODUCTION

This 42 U.S.C. § 1983 action is before the court on a complaint filed by Marshall Cois Knop, a state inmate.  Plaintiff challenges the constitutionality of actions taken against him at the Limestone Correctional Facility regarding the practice of his religion.  (Doc. # 1.)  Plaintiff filed a motion for a temporary restraining order for relief from the allegedly unconstitutional conditions.  (Doc. # 3.)  The court finds that the motion for temporary restraining order should be denied and this case should be transferred to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1404.[1]

---

[1] Plaintiff filed an application for leave to proceed *in forma pauperis*.  (Doc. # 2.)  However, under the circumstances of this case, the court concludes that assessment and/or collection of any filing fee should be undertaken by the United States District Court for the Northern District of Alabama.

## II.  DISCUSSION

A.  **Motion for Temporary Restraining Order**

A temporary restraining order may issue "only if . . . specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(2).  Plaintiff seeks a temporary restraining order stopping all required classes and church services until his religious needs are accommodated.  (Doc. # 3.)  This relief would deprive other inmates of faith-based services.  Plaintiff has not alleged specific facts showing a threat of immediate and irreparable injury that would necessitate an order stopping the classes and services immediately without prior notice to Defendants.

Plaintiff also seeks emergency relief from unspecified "retaliation, harassment, [and] unwarranted shakedowns," and from Defendants holding any meetings with him in the absence of neutral witnesses.  Plaintiff has not stated facts showing a likelihood of immediate and irreparable injury if these activities are not enjoined before Defendants have an opportunity to be heard.

Plaintiff also seeks a temporary restraining order requiring him to be housed in a prison close to his home.  Plaintiff has not shown that he is entitled to this relief. *Meachum v. Fano*, 427 U.S. 215, 225 (1976) (holding that no liberty interest arises from the Due Process Clause itself in transfer from low-to maximum-security prison

because "[c]onfinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose"); *Olim v. Wakinekona*, 461 U.S. 238, 245-46 (1983) (holding that a prisoner has no constitutional right to be confined in a particular institution).

**B.     Venue**

A 42 U.S.C. § 1983 "civil action may be brought in – (1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."  28 U.S.C. § 1391(b).  "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought."  28 U.S.C. § 1404(a).

Limestone Correctional Facility is located within the jurisdiction of the United States District Court for the Northern District of Alabama.  Thus, the allegedly unconstitutional acts about which Plaintiff complains occurred in the Northern District of Alabama.  It appears that all of the named defendants, with the exception of Commissioner Jefferson Dunn, reside in the Northern District of Alabama.  Although by virtue of his position as Commissioner of the Alabama Department of

Corrections, Jefferson Dunn resides in the Middle District of Alabama, he is subject to service of process throughout the state and commonly defends suits in all federal courts of this state. Under these circumstances, it is clear that the witnesses and evidence with personal knowledge of this case are located in the Northern District of Alabama.

In light of the foregoing, the court concludes that, in the interest of justice and for the convenience of the parties, this case should be transferred to the United States District Court for the Northern District of Alabama for further review and determination.

### III.  CONCLUSION

Accordingly, it is ORDERED:

1. The motion for a temporary restraining order (Doc. # 3) is DENIED; and

2. This case is TRANSFERRED to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 1404.[2]

DONE this 16th day of August, 2016.

                                        /s/ W. Keith Watkins
                                CHIEF UNITED STATES DISTRICT JUDGE

---

[2] In transferring the instant case, this court makes no determination with respect to the merits of Plaintiff's claims for relief.